PER CURIAM.
Appellant was convicted of resisting an officer with violence, which is a third degree felony, and of the misdemeanor offenses of obstructing an officer and disorderly conduct. We affirm the convictions, rejecting appellant’s challenge to the legal sufficiency of the evidence. However, we agree with appellant that the case must be remanded for correction of the written sentence which varies from the trial judge’s oral sentencing pronouncement. The written sentence fails to indicate that an habitual offender sentence was imposed for the felony offense; on remand, an indication should be made in the appropriate “box” on the sentence form. In addition, the sentence for disorderly conduct shows an award of more jail credit than was orally pronounced, so that the credit far exceeds the length of the sentence; this too should be corrected on remand. See Joseph v. State, 616 So.2d 1063 (Fla. 1st DCA 1993); Brown v. State, 599 So.2d 225 (Fla. 1st DCA 1992).
MINER, WEBSTER and MICKLE, JJ., concur.